OLF3 (Official Local Form 3)

## United States Bankruptcy Court
## District of Massachusetts, Worcester Division

In re:

**Wheeler, Carlton E.**

Debtor(s)

Case No. 18-41530_____

Chapter **13**_____

## CHAPTER 13 PLAN

Check one. This plan is:

**[X]** Original

**[ ]** _____ Amended (Identify First, Second, Third, etc.)

**[ ]** Postconfirmation (Date Order Confirming Plan Was Entered: _____ )

Date this plan was filed: 9/21/2018

## PART 1: NOTICES

<u>TO ALL INTERESTED PARTIES:</u>
You should review carefully the provisions of this Plan as your rights may be affected. In the event the Court enters an order confirming this Plan, its provisions may be binding upon you. The provisions of this Plan are governed by statutes and rules of procedure, including Title 11 of the United States Code (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure ("Fed. R. Bankr. P."), the Massachusetts Local Bankruptcy Rules ("MLBR") and, in particular, the Chapter 13 rules set forth in Appendix 1 of MLBR, all of which you should consult.

<u>TO CREDITORS:</u>
Your rights may be affected by this Plan. Your claim may be reduced, modified, or eliminated. Read this Plan carefully and discuss it with your attorney. If you do not have an attorney, you may wish to consult with one. If you oppose this Plan's treatment of your claim or any other provision of this Plan, you or your attorney must file with the Court an objection to confirmation on or before the later of (i) thirty (30) days after the date on which the first Meeting of Creditors pursuant to 11 U.S.C. § 341 is held or (ii) thirty (30) days after service of an amended or modified Plan, unless the Court orders otherwise. A copy of your objection must be served on the Debtor(s), the attorney for the Debtor(s), and the Chapter 13 Trustee (the "Trustee"). The Bankruptcy Court may confirm this Plan if no objection to confirmation is filed or if it overrules an objection to confirmation. You have received or will receive a Notice of Chapter 13 Bankruptcy Case from the Bankruptcy Court which sets forth certain deadlines, including the bar date for filing a Proof of Claim. To receive a distribution, you must file a Proof of Claim.

<u>TO DEBTOR(S):</u>
You (or your attorney) are required to serve a copy of this Plan on all creditors in the manner required under the Bankruptcy Code, the Fed. R. Bankr. P., and MLBR. Unless the Court orders otherwise, you must commence making payments not later than the earlier of (i) thirty (30) days after the date of the filing of this Plan or (ii) thirty (30) days after the order for relief. You must check a box on each line below to state whether or not this Plan includes one or more of the following provisions. If you check the provision "Not Included," if you check both boxes, or if you do not check a box, any of the following provisions will be void if set forth later in this Plan. Failure to properly complete this section may result in denial of confirmation of this Plan.

FOR EACH LINE BELOW, DO NOT CHECK BOTH BOXES; DO NOT LEAVE BOTH BOXES BLANK.

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim, set out in Part 3.B.1, which may result in a partial payment or no payment at all to the secured creditor | **[x ]** Included | **[]** Not included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.B.3 | **[ ]** Included | **[X]** Not included |
| 1.3 | Nonstandard provisions, set out in Part 8 | [X] Included | <> Not included |

## PART 2: PLAN LENGTH AND PAYMENTS

A.  <u>LENGTH OF PLAN:</u>

**[x ]** 36 Months. 11 U.S.C. § 1325(b)(4)(A)(i);

**[]** 60 Months. 11 U.S.C. § 1325(b)(4)(A)(ii);

OLF3 (Official Local Form 3)

[  ] _____ Months pursuant to 11 U.S.C. § 1322(d)(2). The Debtor(s) states the following cause:

B.    PROPOSED MONTHLY PAYMENTS:

| Monthly Payment Amount | Number of Months |
|---|---|
| 650.00 | 36 |

C.    ADDITIONAL PAYMENT(S):

[ x ] None. If "None" is checked, the rest of Part 2.C need not be completed and may be deleted from this Plan.

Total amount of Payments to the Trustee [B+C]:                                    $ 23,400.00
This amount must be sufficient to pay the total cost of this Plan in Exhibit 1, Line (h).

## PART 3:                                     SECURED CLAIMS

[  ] None. If "None" is checked, the rest of Part 3 need not be completed and may be deleted from this Plan.

A.    CURE OF DEFAULT AND MAINTENANCE OF PAYMENTS:

Check one.
[  ] None. If "None" is checked, the rest of Part 3.A need not be completed and may be deleted from this Plan.

[X] Any Secured Claim(s) in default shall be cured and payments maintained as set forth in 1 and/or 2 below. Complete 1 and/or 2.

(1)    PREPETITION ARREARS TO BE PAID THROUGH THIS PLAN:

Prepetition arrearage amounts are to be paid through this Plan and disbursed by the Trustee. Unless the Court orders otherwise, the amount(s) of prepetition arrears listed in an allowed Proof of Claim controls over any contrary amount(s) listed below. Unless the Court orders otherwise, if relief from the automatic stay is granted as to any collateral listed in this paragraph, all payments paid through this Plan as to that collateral will cease upon entry of the order granting relief from stay.

(a)    Secured Claims (Principal Residence)

Address of the Principal Residence:  335 W Hartford Ave., Uxbridge MA 01569-1178
The Debtor(s) estimates that the fair market value of the Principal Residence is: $ 550,000.00

| Name of Creditor | Type of Claim (e.g., mortgage, lien) | Amount of Arrears |
|---|---|---|
| none |  |  |

Total of prepetition arrears on Secured Claim(s) (Principal Residence): $ **0.00**

(b)    Secured Claims (Other)

| Name of Creditor | Type of Claim | Description of Collateral (or address of real property) | Amount of Arrears |
|---|---|---|---|
| **None** | **None** |  |  |

Total of prepetition arrears on Secured Claims (Other): $ **0.00**

Total of prepetition arrears to be paid through this Plan [(a) + (b)]: $ **0.00**

(2)    MAINTENANCE OF CONTRACTUAL INSTALLMENT PAYMENTS (TO BE PAID DIRECTLY TO CREDITORS):

Contractual installment payments are to be paid directly by the Debtor(s) to the creditor(s). The Debtor(s) will maintain the contractual installment payments as they arise postpetition on the secured claim(s) listed below with any changes required by the applicable contract and noticed in conformity with any applicable rules.

OLF3 (Official Local Form 3)

| Name of Creditor | Type of Claim | Description of Collateral |
|---|---|---|
| none | | |
| | | |

B.     MODIFICATION OF SECURED CLAIMS:

Check one.

[  ] None. If "None" is checked, the rest of Part 3.B need not be completed and may be deleted from this Plan.

[ ] Secured Claim(s) are modified as set forth in 1, 2, and/or 3 below. Complete 1, 2, and/or 3 below.

(1)    REQUEST FOR VALUATION OF SECURITY, PAYMENT OF FULLY SECURED CLAIMS, AND MODIFICATION OF UNDERSECURED CLAIMS UNDER 11 U.S.C. § 506:

[x] Secured Claim(s) are modified as set forth in 1, 2, and/or 3 below. Complete 1, 2, and/or 3 below.

1. REQUEST FOR VALUATION OF SECURITY, PAYMENT OF FULLY SECURED CLAIMS, AND MODIFICATION OF UNDERSECURED CLAIMS UNDER 11 U.S.C. § 506:

[ ] None. If "None" is checked, the rest of Part 3.B.1 need not be completed or and may be deleted from this Plan.

The following Plan provisions of Part 3.B.1 are effective only if the box "Included" in Part 1, Line 1.1 is checked.

The Debtor(s) requests that the Court determine the value of the lien of the following secured claim(s). For each secured claim listed below, the Debtor(s) states that the amount of the secured claim is as set out in the column headed "Secured Claim Amount." For each listed claim, the allowed amount of the secured claim will be paid in full with interest at the rate stated below, and the creditor will retain its lien to the extent of the value of the lien securing the creditor's allowed secured claim.

Unless the Court orders otherwise, the amount of a modified secured claim held by a nongovernmental creditor, as described in this Plan and treated below, is binding on the creditor and the Debtor(s) upon confirmation of this Plan, even if the creditor has filed a Proof of Claim setting forth a different amount.
Unless the Court orders otherwise, the amount of a secured claim of a governmental unit listed in an allowed Proof of Claim controls over any contrary amount listed below. The amount of a secured claim of a governmental unit may NOT be determined through this Plan.

An allowed claim of a creditor whose claim is secured by a lien on property in which the estate has an interest is a secured claim to the extent of the value of the creditor's interest, and is an unsecured claim to the extent that the value of such creditor's interest is less than the amount of the allowed claim. The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim in Part 5 of this Plan. If the secured claim amount is listed below as having NO value, the creditor's allowed claim will be treated in its entirety as an unsecured claim in Part 5 of this Plan.

In the description of collateral, include the registry of deeds/land court recording information for any real property for which you are modifying a secured claim.

| Name of Creditor | Description and Value of Collateral | Secured Claim Amount | Amount of Senior Liens | Interest Rate | Total Claim |
|---|---|---|---|---|---|
| Wells Fargo Bank, N.A.<br><br>**THE CREDITOR IS DIRECTED PART NO. 8 FOR ADDITIONAL** | 335 W Hartford Ave., Uxbridge MA 01569-1178<br><br>see claim no. 2<br><br>See Worcester County Registry of Deeds | 0.00 | $594,821.00 | 0.00 | 0.00 |

OLF3 (Official Local Form 3)

| TREATEMENT | book / page 42005/225 | | | | |
|---|---|---|---|---|---|

Total Claim(s) under Part 3.B.1 to be paid through this Plan: $**0.00**

(2)    SECURED CLAIMS EXCLUDED FROM 11 U.S.C. § 506:

**[X]** None. If "None" is checked, the rest of Part 3.B.2 need not be completed and may be deleted from this Plan.

(3)    LIEN AVOIDANCE UNDER 11 U.S.C. § 522(f):

**[X]** None. If "None" is checked, the rest of Part 3.B.3 and Exhibits 3 and 4 need not be completed and may be deleted from this Plan.

C.    SURRENDER OF COLLATERAL:

Check one.
**[X]**  None. If "None" is checked, the rest of Part 3.C need not be completed and may be deleted from this Plan.

## PART 4:                                    PRIORITY CLAIMS

Check one.
[ ] None. If "None" is checked, the rest of Part 4 need not be completed and may be deleted from this Plan.

[x] The following priority claim(s) will be paid in full without postpetition interest. Unless the Court orders otherwise, the amount of the priority portion of a filed and allowed Proof of Claim controls over any contrary amount listed below.

A.    DOMESTIC SUPPORT OBLIGATIONS:

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |

B.    OTHER PRIORITY CLAIMS (Except Administrative Expenses):

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **Internal Revenue Service** | **Taxes** | **6,000.00** |
| **Massachusetts Dept of Revnue** | **Taxes** | **5,000.00** |

Total of Priority Claims (except Administrative Expenses) to be paid through this Plan: $**11,000.00**

C.    ADMINISTRATIVE EXPENSES:

1.    ATTORNEY'S FEES:

| Name of Attorney | Attorney's Fees |
|---|---|
| Kovacs Law, P.C. | **4,005.00** |

If the attorney's fees exceed the amount set forth in MLBR, Appendix 1, Rule 13-7, the Trustee may not pay any amount exceeding that sum until such time as the Court approves a fee application. If no fee application is approved, any plan payments allocated to attorney's fees in excess of MLBR, Appendix 1, Rule 13-7 will be disbursed to other creditors up to a 100% dividend.

2.    OTHER (Describe):
     **None**
Total Administrative Expenses (excluding the Trustee's Commission) to be paid through this Plan [1 + 2]: $ **4,005.00**

3.    TRUSTEE'S COMMISSION:

OLF3 (Official Local Form 3)

The Debtor shall pay the Trustee's commission as calculated in Exhibit 1.

The Chapter 13 Trustee's fee is determined by the United States Attorney General. The calculation of the Plan payment set forth in Exhibit 1, Line (h) utilizes a 10% Trustee's commission. In the event the Trustee's commission is less than 10%, the additional funds collected by the Trustee, after payment of any allowed secured and priority claim(s), and administrative expense(s) as provided for in this Plan, shall be disbursed to nonpriority unsecured creditors up to 100% of the allowed claims.

## PART 5:                               NONPRIORITY UNSECURED CLAIMS

Check one.

[ ] None. If "None" is checked, the rest of Part 5 need not be completed and may be deleted from this Plan.

[X] Any allowed nonpriority unsecured claim(s) other than those set forth in Part 5.F will be paid as stated below. Only a creditor holding an allowed claim is entitled to a distribution.

    [x] Fixed Amount ("Pot Plan"): each creditor with an allowed claim shall receive a pro rata share of $6,055.00, which the Debtor(s) estimates will provide a dividend of **2.9867**%.

    [ ] Fixed Percentage: each creditor with an allowed claim shall receive no less than ____% of its allowed claim.

A.    GENERAL UNSECURED CLAIMS:                                                    $ **32,731.98**

B.    UNSECURED OR UNDERSECURED CLAIMS AFTER MODIFICATION IN PART 3.B OR 3.C:

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| Wells Fargo Bank, N.A. | unsecured second mortgage after lien strip<br><br>see claim no. 2 | 165,000.00 |

C.    NONDISCHARGEABLE UNSECURED CLAIMS (e.g., student loans):

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |

D.    CLAIMS ARISING FROM REJECTION OF EXECUTORY CONTRACTS OR LEASES:

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |

E.    TOTAL TO BE PAID TO NONPRIORITY UNSECURED CREDITORS THROUGH THIS PLAN:

The amount paid to any nonpriority unsecured creditor(s) is not less than that required under the Liquidation Analysis set forth in Exhibit 2.

Total Nonpriority Unsecured Claims [A + B + C + D]: $ 6,055.00

Enter Fixed Amount (Pot Plan) or multiply total nonpriority unsecured claim(s) by Fixed Percentage and enter that amount: $ **202,731.98**

F.    SEPARATELY CLASSIFIED UNSECURED CLAIMS (e.g., co-borrower):

| Name of Creditor | Description of Claim | Amount of Claim | Treatment of Claim | Basis of Separate Classification |
|---|---|---|---|---|
| **None** | | | | |

Total of separately classified unsecured claim(s) to be paid through this Plan: $**0.00**

OLF3 (Official Local Form 3)

| PART 6: | EXECUTORY CONTRACTS AND UNEXPIRED LEASES |
|---|---|

Check one.
**[X]** None. If "None" is checked, the rest of Part 6 need not be completed and may be deleted from this Plan.

| PART 7: | POSTCONFIRMATION VESTING OF PROPERTY OF THE ESTATE |
|---|---|

If the Debtor(s) receives a discharge, property of the estate will vest in the Debtor(s) upon entry of the discharge. If the Debtor(s) does not receive a discharge, property of the estate will vest upon the earlier of (i) the filing of the Chapter 13 Standing Trustee's Final Report and Account and the closing of the case or (ii) dismissal of the case.

| PART 8: | NONSTANDARD PLAN PROVISIONS |
|---|---|

Check one.
[ ] None. If "None" is checked, the rest of Part 8 need not be completed and may be deleted from this Plan.
[x] This Plan includes the following nonstandard provisions.Under Fed. R. Bankr. P. 3015(c), each nonstandard provision must be set forth below in a separately numbered sentence or paragraph. A nonstandard provision is a provision not otherwise included in Official Local Form 3, or which deviates from Official Local Form 3. Nonstandard provisions set forth elsewhere in this Plan are ineffective. To the extent the provisions in Part 8 are inconsistent with other provisions of this Plan, the provisions of Part 8 shall control if the box "Included" is checked in Part 1, Line 1.3.

The following Plan provisions are effective only if the box "Included" in Part 1, Line 1.3 is checked.

1.The Debtor is authorized to use property of the estate in the ordinary course of his affairs.

2. Any secured creditor will provide to the debtor monthly statements on secured claims. However, no such statements shall be required if the secured claim is being modified or surrendered in this plan.  See In re Sperry, 562 B.R. 1 (Bankr. D. Mass. 2016) See 12 CFR § 1026.41. All statements shall be in compliance with 12 CFR § 1026.41.

3. The Debtor(s) and debtor's counsel anticipate(s) work to exceed the no look fee. Unless otherwise ordered by the Court, the Trustee is to pay Attorney's fees up to the no look fee without further order of the Court.

The Trustee shall hold the Attorney's fees that exceed the no look fee until and unless the Attorney's fees are approved by the Court. In the event the Court does not approve the additional Attorney's fees or approves a lesser amount of Attorney's Fees, then any unused portion of the funds will be used to increase the unsecured Pot (or dividend) of funds available to unsecured creditors up to 100% of allowed claims, such payment shall not be made until the final month of this plan.

"Attorney's fees" include legal fees for Debtor's counsel, Debtor's counsel's staff and case expenses.

The Trustee shall pay allowed administrative fees and expenses due attorney in the first 12 months of the plan or at such later date as approved by the Court.

4. Treatment of secured lender first mortgage.

4.a Maintenance Payments

| Creditor | Treatment of claim |
|---|---|
| Bsi Financial Services<br><br>Us Bank National Association, not in its individual | Adequate Protection / maintenance PAYMENTS of first mortgage<br><br>The Debtor  is to make monthly adequate protection / maintenance payments to the secured lender per the terms of the post-petition contractually due amount said payment shall include impounding for property tax and property insurance.<br><br>Upon information and belief the current payment is $3,073.83 and may change from time to time. |

OLF3 (Official Local Form 3)

| | |
|---|---|
| capacity but solely as trustee for RMAC Trust, Series 2016-CTT<br><br>SERVIS ONE, INC. Rushmore Loan Mortgage Services | The adequate protection payment shall cease upon the earliest of (1) dismissal of case, (2)conversation of case to another chapter, (3) the filing of a further amended plan, (4) Approval by the Court of a Home loan Modification, (5) Order of the Court to cease the payments on Motion of the Debtor or other  interested party , OR (6) Surrender of the property.<br><br>Property Address:<br>335 W Hartford Ave<br>Uxbridge MA 01569-1178<br><br>See Worcester County Registry of Deeds<br><br>Mortgage<br>Book / Page<br>42763/352 |

4.b. Cure:

| Creditor | Treatment |
|---|---|
| Bsi Financial Services<br><br>Us Bank National Association, not in its individual capacity but solely as trustee for RMAC Trust, Series 2016-CTT<br><br>SERVIS ONE, INC. Rushmore Loan Mortgage Services | MORTGAGE CURE / HOME LOAN MODIFCATION / SURRENDER<br><br>The Debtor is filing a home loan modification application. Said modification will cure mortgage arrears.<br><br>If the Debtor is unable to receive a home loan modification then Debtor hereby surrenders the property.<br><br>property address:<br><br>335 W Hartford Ave<br>Uxbridge MA 01569-1178<br><br>See Worcester County Registry of Deeds<br><br>Mortgage<br>Book / Page<br><br>42763/352 |

OLF3 (Official Local Form 3)

5. Terms in part no. 8 shall control over any conflicting terms of the cram down in part no. 3 of this plan. All other provisions of Part no. 3 shall be in full force and effect.

Creditors listed below may receive a pro-rata distribution from the unsecured funds. However, no payment shall be made as an unsecured creditor unless there is a claim filed with the Court and allowed.

| Creditor | Collateral | Additional Treatment |
|---|---|---|
| Wells Fargo Bank, N.A. | 335 W Hartford Ave., Uxbridge MA 01569-1178<br><br>see claim no. 2<br><br>See Worcester County Registry of Deeds<br><br>book / page  42005/225 | **LIEN STRIP OFWHOLLY UNSECURED SECOND MORTGAGE**<br><br>The second in priority mortgage held against Debtor's real property located at 335 W Hartford Ave., Uxbridge MA 01569-1178 and held by Wells Fargo Bank, N.A.  and any and all successors and assigns is wholly unsecured.<br><br>The Debtor has listed said second mortgage as a modified unsecured claim to be paid pro-rata from the unsecured POT of funds available in this Plan.<br><br>Upon successful completion of this Plan and entry / order of discharge of debts by the Court, then:<br><br>(1) the lien / mortgage held by Wells Fargo Bank, N.A. and any and all  successors and assigns shall be void, canceled, removed and discharged from the Debtor's property; and<br><br>(2) Wells Fargo Bank, N.A.  and any and all successors and assigns shall provide to the Debtor a  mortgage discharge that complies with the local recording requirements at the local registry of deeds, where recorded. |

## PART 9:                                         SIGNATURES

By signing this document, the Debtor(s) acknowledges reviewing and understanding the provisions of this Plan and the Exhibits filed as identified below.

By signing this document, the Debtor(s) and, if represented by an attorney, the attorney for the Debtor(s), certifies that the wording and order of the provisions in this Plan are identical to those contained in Official Local Form 3, including the Exhibits identified below, other than any Nonstandard Plan Provisions in Part 8.

_/s/ Carlton E. Wheeler_____          **September 18, 2018**_____
Debtor                                                              Date
_____          **September 18, 2018**_____
Debtor                                                              Date

OLF3 (Official Local Form 3)

| | |
|---|---|
| /s/ Mr. Robert W. Kovacs Jr. | **September 18, 2018** |
| Signature of attorney for Debtor(s) | Date |

Print name: **Mr. Robert W. Kovacs Jr.**
BBO Number (if applicable):**671497 MA**
Firm name (if applicable):Kovacs Law, P.C.
Telephone: 508-926-8833
Email Address:**robert@kovacslawfirm.com**

The following Exhibits are filed with this plan:

[x] Exhibit 1: Calculation of Plan Payment*
[x] Exhibit 2: Liquidation Analysis*
[ ] Exhibit 3: Table for Lien Avoidance under 11 U.S.C. § 522(f)**
[ ] Exhibit 4: [Proposed] Order Avoiding Lien Impairing Exemption**

List additional exhibits if applicable.

*denotes a required exhibit
**Denotes a required Exhibit if the box "Included" is checked in Part 1, Line 1.2.

Total number of Plan pages, including Exhibits:   **10**

## EXHIBIT 1

## CALCULATION OF PLAN PAYMENT

| | |
|---|---|
| a) Secured claims (Part 3.A and Part 3.B.1-3 Total): | $ **0.00** |
| b) Priority claims (Part 4.A and Part 4.B Total): | $ **11,000.00** |
| c) Administrative expenses (Part 4.C.1 and Part 4.C.2 Total): | $ **4,005.00** |
| d) Nonpriority unsecured claims (Part 5.E Total): | $ **6,055.00** |
| e) Separately classified unsecured claims (Part 5.F Total): | $ **0.00** |
| f) Executory contract/lease arrears claims (Part 6 Total): | $ 0.00 |
| g) Total of (a) +(b) + (c) + (d) + (e) + (f): | $ 21,060.00 |
| h) Divide (g) by .90 for total Cost of Plan including the Trustee's fee: | $ **23,400.00** |
| i) Divide (h), Cost of Plan, by term of Plan, **36** months: | $ **650.00** |
| j) Round up to the nearest dollar amount for Plan payment: | $ **650.00** |

If this is either an amended Plan and the Plan payment has changed, or if this is a postconfirmation amended Plan, complete (a) through (h) only and the following:

| | |
|---|---|
| k) Enter total amount of payments the Debtor(s) has paid to the Trustee: | $ _____ |
| l) Subtract line (k) from line (h) and enter amount here: | $ _____ |
| m) Divide line (l) by the number of months remaining ( _____ months): | $ _____ |
| n) Round up to the nearest dollar amount for amended Plan payment: | $ _____ |
| Date the amended Plan payment shall begin: | _____ |

## EXHIBIT 2

## LIQUIDATION ANALYSIS

OLF3 (Official Local Form 3)

A.   REAL PROPERTY

| Address (Sch. A/B, Part 1) | Value (Sch. A/B, Part 1) | Total Liens (Sch. D, Part 1) | Exemption Claimed (Sch. C) |
|---|---|---|---|
| **335 W Hartford Ave, Uxbridge, MA 01569-1178** | **550,000.00** | **759,631.10** | **500,000.00** |

Total Value of Real Property (Sch. A/B, line 55):                                     $ **550,000.00**
Total Net Equity for Real Property (Value Less Liens):                          $ **0.00**
Less Total Exemptions for Real Property (Sch. C):                               $ **0.00**
                    Amount Real Property Available in Chapter 7:            $ **0.00**

B.   MOTOR VEHICLES

| Make, Model and Year (Sch. A/B, Part 2) | Value (Sch. A/B, Part 2) | Amount of Liens (Sch. D, Part 1) | Exemption (Sch. C) |
|---|---|---|---|
| **1975 Chevrolet Corvette** | **10,350.00** | **0.00** | **4,950.00** |
| **1997 Ford e-350** | **500.00** | **0.00** | **0.00** |
| **2000 Ford F-150** | **5,838.00** | **0.00** | **7,500.00** |
| **2006 Chevrolet Express Cargo** | **5,000.00** | **0.00** | **0.00** |
| **Three wheeler** | **50.00** | **0.00** | **50.00** |

Total Value of Motor Vehicles:                                                                 $ **21,738.00**
Total Net Equity for Motor Vehicles (Value Less Liens):                     $ **21,738.00**
Less Total Exemptions for Motor Vehicles (Sch. C):                            $ **12,500.00**
                    Amount Motor Vehicle Available in Chapter 7:           $ **9,238.00**

C.   ALL OTHER ASSETS (Sch. A/B Part 2, no. 4; Part 3 through Part 7. Itemize.)

| Asset | Value | Liens (Sch. D, Part 1) | Exemption (Sch. C) |
|---|---|---|---|
| **Auto insurance with Progressive Ins. Co.** | **unknown** | **0.00** | **0.00** |
| **Citizen's Bank (Milford) - checking** | **2,800.00** | **0.00** | **2,800.00** |
| **Clothing** | **500.00** | **0.00** | **100%** |
| **guns** | **1,000.00** | **0.00** | **1,000.00** |
| **Home insurance through Farm Family Casualty Ins. Co.** | **unknown** | **0.00** | **0.00** |
| **Household books** | **100.00** | **0.00** | **100.00** |
| **Jewelry** | **0.00** | **0.00** | **1,225.00** |
| **usual and customary household electronics** | **1,100.00** | **0.00** | **1,100.00** |
| **Usual and customary household good, furnishings, home appliances** | **8,450.00** | **0.00** | **8,450.00** |
| **Work Tools and equipment.** | **5,000.00** | **0.00** | **5,000.00** |

Total Value of All Other Assets:                                                               $ **18,950.00**
Total Net Equity for All Other Assets (Value Less Liens):                    $ **18,950.00**
                    Amount All Other Assets Available in Chapter 7:       $ **0.00**

D.   SUMMARY OF LIQUIDATION ANALYSIS

| Amount available in Chapter 7 | Amount |
|---|---|
| A. Amount Real Property Available in Chapter 7 (Exhibit 2, A.) | $ **0.00** |
| B. Amount Motor Vehicles Available in Chapter 7 (Exhibit 2, B.) | $ **9,238.00** |
| C. Amount All Other Assets Available in Chapter 7 (Exhibit 2, C.) | $ **0.00** |
| TOTAL AVAILABLE IN CHAPTER 7: | $ **10,900.00** |

E.   ADDITIONAL COMMENTS REGARDING LIQUIDATION ANALYSIS:

OLF3 (Official Local Form 3)